Filed 11/29/23  P. v. Velasco VA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ROBERT FRANK VELASCO,<br><br>　　　Defendant and Appellant. | D080603<br><br><br>(Super. Ct. No. FVI1002669) |

APPEAL from an order of the Superior Court of San Bernardino, John Peter Vander Feer, Judge.  Reversed and remanded.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige Hazard, and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

While Appellant Robert Frank Velasco was serving his sentence for attempted home invasion robbery, assault with a firearm, and possession of a

firearm by a felon, the Office of the Secretary for the California Department of Corrections and Rehabilitation (CDCR) recommended recall of Velasco's sentence and resentencing pursuant to Penal Code[1] section 1170, subdivision (d), which subsequently was renumbered to section 1172.1. The trial court summarily denied the recommendation without notifying the public defender's office or holding a hearing. Velasco filed a motion for reconsideration and another motion for resentencing, both of which were denied.

In the interim, the legislature passed Assembly Bill No. 1540,[2] which amended section 1172.1 to require that the trial court notify the defendant of any resentencing requests, set a status conference within 30 days of receipt of the request, and appoint counsel for the defendant. (§ 1172.1, subd. (b)(1).) Additionally, it created "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b)(2).)

On appeal, Velasco argues we should reverse the lower court's summary denial and remand the case for a new hearing pursuant to the current version of section 1172.1. The People disagree that the changes

---

[1] Statutory references are to the Penal Code.

[2] Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03, effective January 1, 2022. (Stats. 2021, ch. 719, § 2.) Assembly Bill No. 200 (2021-2022 Reg. Sess.) then renumbered section 1170.03 to section 1172.1, effective June 30, 2022, but made no substantive changes. (Stats. 2022, ch. 58, § 9.) For the sake of clarity and consistency, we refer to section 1172.1 when addressing the recall and resentencing recommendation.

implemented by Assembly Bill 1540 should be applied retroactively but nonetheless agree that remand for reconsideration under section 1172.1 is appropriate. We accept the People's concession, reverse the trial court's order summarily denying the CDCR's recommendation, and remand the matter for reconsideration of the CDCR's recommendation consistent with section 1172.1.

FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2013, a San Bernardino County jury found Velasco guilty of attempted home invasion robbery (§§ 211, 664; count 1), assault with a firearm (§ 245, subd. (a)(2); count 4), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 5), and street terrorism (§ 186.22, subd. (a); count 6). As to count 1, the jury returned a true finding that Velasco personally used a firearm, within the meaning of section 12022.53, subdivision (b). As to counts 1 and 4, the jury returned a true finding that Velasco personally used a firearm, within the meaning of section 12022.5, subdivision (a). Velasco also admitted he had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1) and served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced Velasco to 28 years and eight months in prison, including five years for the prior conviction and one year for the prior prison term. In October 2015, the trial court dismissed count 6 and vacated the corresponding sentencing, resulting in a total sentence of 27 years and four months.

In October 2019, the CDCR sent a letter to the court recommending that Velasco's sentence be recalled, and he be resentenced in light of the legislative changes to section 1170, subdivision (d) authorizing trial courts to

3

strike the punishment for prior serious felony conviction enhancements. On November 7, 2019, the trial court summarily denied the request.[3]

Velasco subsequently filed a pro. per. motion for reconsideration. The court denied the request as untimely but then set a hearing on the matter. In February 2020, Velasco also filed a pro per motion for resentencing under section 1170, subdivision (d)(1). At the hearing on the resentencing motion, Velasco's counsel indicated there was no merit to the motion, and the court granted counsel's request to take it off calendar. It appears Velasco filed another motion for resentencing, through counsel, in March 2020.

On June 30, 2022, after over two years of continuances, the court indicated it was without a procedural mechanism or jurisdiction to proceed with Velasco's original motion to reconsider the trial court's summary denial or the March 2020 motion.

On July 1, 2022, Velasco appealed the trial court's June 30, 2022 order. By order dated November 3, 2022, we granted Velasco's motion to amend his notice of appeal to encompass the trial court's November 7, 2019 denial of the CDCR's recommendation for recall and resentencing. Velasco filed his amended notice of appeal on November 7, 2022.

DISCUSSION

Although Velasco concedes the current version of section 1172.1 was not in effect at the time the sentencing court denied the CDCR's recommendation for recall and resentencing, he argues section 1172.1 should be applied retroactively to ameliorate his sentence. The People disagree that section 1172.1 is subject to presumptions regarding retroactivity.

_____

[3] Velasco did not appeal this denial. However, nothing in the record indicates that the public defender's office, which had represented Velasco at trial and sentencing, received a copy of the order.

4

Nevertheless, they agree the matter should be remanded for a further hearing on the recall recommendation.

Generally, statutes are presumed to operate prospectively unless the legislature expressed its intent that they be applied retroactively.  (§ 3; *People v. Cepeda* (2021) 70 Cal.App.5th 456, 466.)  But *In re Estrada* (1965) 63 Cal.2d 740, 744, 746 established that, absent contrary evidence, amendments that ameliorate the punishment under a statute apply to those whose judgments are not yet final on the operative date.  (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308.)  The People contend the *Estrada* rule does not apply in this case because the procedural mechanism of section 1172.1 permits resentencing in cases where the judgment is final.  (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1090.)  Additionally, they argue that because section 1172.1 provides for resentencing on equitable grounds in individual cases, it is not akin to the provisions that ameliorate the punishment for a particular crime or class of offender with which *Estrada* is concerned.

We need not decide whether section 1172.1 should be applied retroactively under *Estrada* because we are persuaded that the case nonetheless must be remanded for the reasons the Third Appellate District cogently explained in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 (*McMurray*).

As in the instant appeal, the *McMurray* court reviewed the trial court's denial of a recall and resentencing recommendation by the CDCR under former section 1170, subdivision (d)(1).  (*McMurray*, *supra*, 76 Cal.App.5th at p. 1037.)  In recounting the legislative history of former section 1170, subdivision (d)(1), the *McMurray* court highlighted that "the Legislature sought through Assembly Bill 1540 to 'ensure due process and equitable

5

application in these types of resentencing cases' and indicate that trial courts should accept the CDCR's resentencing recommendations." (*McMurray*, at p. 1040.)  The court further noted that "Assembly Bill 1540 was intended to clarify certain aspects of former section 1170(d)(1) that the appellate courts had incorrectly interpreted, including that, ' "when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply 'any changes in law that reduce sentences or provide for judicial discretion.' " ' " (*Id.* at p. 1041.)  Because "the Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing," and given that it promptly adopted these changes in response to appellate decisions to the contrary, the *McMurray* court concluded that the appropriate remedy was to reverse and remand the matter before it.  (*Ibid.*)  It reasoned that this outcome was required because our Supreme Court explained in *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244 (*Western Security Bank*), that: "we 'cannot disregard' subsequent expressions of the Legislature as to its intent regarding a prior statute.  [Citation.]  If an amendment ' " 'which in effect construes and clarifies a prior statute' " ' was adopted soon after controversies arose about the proper interpretation of the statute, ' " 'it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change.' " ' [Citation.]  When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for

further proceedings in compliance with the amended legislation." (*Id.* at p. 1039.)[4]

We agree the legislative history of Assembly Bill 1540 demonstrates the legislature's intention to make "clarifying changes" to the required procedures and guidelines that should be followed when applying what is now section 1172.1. When, as here, an appeal involving the statute is pending at the time of the legislative enactment clarifying the statute's intent, " 'we must give effect to this intention unless there is some constitutional objection thereto.' " (*Western Security Bank*, *supra*, 15 Cal.4th at p. 244.) No such constitutional objections having been raised here, we accept the People's concession and reverse and remand for compliance with section 1172.1.[5] [6]

---

[4] Two subsequent cases have agreed with this reasoning, and we find none disagreeing. (See *People v. E.M.*, *supra*, 85 Cal.App.5th at pp. 1090–1091 and *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1079.)

[5] Apparently because of our order allowing Velasco to amend his notice of appeal to challenge the trial court's summary denial of the CDCR's recommendation, Velasco did not challenge the other order appealed—the trial court's denial of his motion for reconsideration and his renewed motion for resentencing—in his briefing. Accordingly, we deem this issue forfeited and do not address it. (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 840 [issues not raised in the opening brief are forfeited].) Furthermore, our opinion effectively moots this issue.

[6] Early in the appeal proceedings, the People filed a request that we take judicial notice of the record in Velasco's related appeal, case No. D081230. We deferred ruling on this request. As this request was filed in support of the People's motion to dismiss, which has since been withdrawn, and because we need not consider the record in the related appeal to decide this matter, the People's request for judicial notice is denied.

## DISPOSITION

The November 7, 2019 order summarily denying the CDCR's recommendation to recall Velasco's sentence is reversed. The matter is remanded to the trial court for reconsideration of the CDCR's recall and resentencing recommendation consistent with section 1172.1.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.

8